IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SONJA THERESE BROWN**                                                           **PLAINTIFF**

**v.**                               **CIVIL ACTION NO. 3:24-CV-351-DMB-RP**

**DESOTO COUNTY MISSISSIPPI, et al.**                            **DEFENDANTS**

## ORDER

This matter is before the court on the *pro se* plaintiff Sonja Therese Brown's "Request for Court to Rule the use of Plain Language." ECF #36. The plaintiff requests that the court and defendants' counsel use language which "an ordinary reasonable 'American English' speaking American man, absent an education in law, would easily understand (comprehend)." In the alternative, she requests that the court provide a court-appointed translator to translate the court's language. The court finds that the motion is not well taken and should be denied.

It has been well established by the Supreme Court that a *pro se* plaintiff's pleading must be "liberally construed" to avoid punishing a plaintiff for lacking the skills of a trained attorney. *See generally Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "To hold a *pro se* plaintiff to strict compliance "would be inequitable" as courts would punish a *pro se* plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." *Perez v. United States*, 312 F. 3d 191, 194-95 (5th Cir. 2002). Accordingly, the court and counsel alike take *pro se* pleadings as is and make reasonable inferences based on the content therein. The court remains mindful that the plaintiff in this case is not a formally trained attorney; however, "Plaintiff's limited legal knowledge is true for nearly every pro se litigant." *Clofer v. Connick*,

No. CV 23-6268, 2025 WL 240825, at *3 (E.D. La. Jan. 17, 2025).

While the court will construe *pro se* litigants' pleadings with a less stringent standard, the court will not change its usual drafting style, nor will it require the attorneys practicing before the court to do so.  The undersigned will continue drafting his orders in a manner which is plain and clear to its readers, but such orders will inevitably on occasion include terminology or terms of art pertinent to the legal field.  The court is confident that in today's modern society, there are resources readily available to the plaintiff to assist her in discerning the meaning of any word the court or counsel may use which she does not understand, and a court-appointed translator is not warranted.

Therefore, the plaintiff's motion, Request for Court to Rule the use of Plain Language, [ECF #36] is DENIED.

**SO ORDERED**, this the 9th day of April, 2025.

                                           /s/ Roy Percy
                                     UNITED STATES MAGISTRATE JUDGE